John Eldre HOWARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–97–00053–CR.

Court of Appeals of Texas,
Austin.

June 18, 1998.

Stan Schwieger, Waco, for Appellant.

Hollis C. Lewis, Jr., County and Dist. Atty., Charles H. Van Orden, Special Pros., Cameron, for State.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

Appellant, John Eldre Howard, appeals from a jury conviction of possession of cocaine with the intent to distribute, a first degree felony. *See* Tex. Health & Safety Code Ann. § 481.112 (West 1992 & Supp. 1998). The court assessed punishment at twenty years' imprisonment in the Texas Department of Criminal Justice, Institutional Division. On appeal Howard claims that (1) the evidence was legally and factually insufficient to support the jury's finding; (2) the district court failed to instruct the jury on the law as to the testimony of an accomplice witness; and (3) his trial counsel rendered ineffective legal assistance by failing to request an accomplice-witness instruction in the charge to the jury. We will reverse the judgment of the district court and remand the cause.

## BACKGROUND

In August of 1996, police were summoned to a mobile home in Rockdale, Texas after receiving a complaint of "loud noise." Rockdale police officer Tommy Roach responded and knocked on the door of the mobile home owned by Theresa Morrison. When Morrison opened the door, Roach noticed the smell of marihuana smoke coming from inside the home. As he followed Morrison inside, he saw a female run out the back door. About the same time, Roach noticed Larry Mackie and John Howard enter the living room from one of the bedrooms. Roach left the trailer in an attempt to catch the fleeing woman, but she was never apprehended or identified. Before going back inside the trailer, John Howard approached the officer and asked him "what was going on." Roach instructed Howard to return to the trailer, which he did. A search of the trailer resulted in a seizure of marihuana found in plain view throughout the home and a crack cocaine "cookie" hidden inside a ceiling light fixture in the same bedroom that the appellant and Mackie had been seen leaving. Roach also confiscated a "straight-edged razor with white residue" found in the passenger's side floorboard of one of the cars parked in front of the trailer.

At trial, three witnesses testified for the State. Officer Roach testified to the facts as we have outlined them. Charles Mott, a chemist for the Texas Department of Public Safety, testified as an expert witness and determined that the "cookie" was cocaine and that the other substance taken from the house was marihuana. Larry Mackie testified that he had driven his car from Houston to Rockdale with Howard and that he had witnessed Howard hide the cocaine in the light fixture. Prior to Howard's trial, Mackie pled guilty to charges of aiding and abetting another in the possession of cocaine with intent to distribute. In return for his testimony on behalf of the State, Mackie received a three-year probated sentence. Howard was convicted and sentenced to twenty years' imprisonment.

## DISCUSSION

### *Legal Sufficiency of the Evidence*

We first address appellant's claim that the evidence is legally insufficient to

support his conviction because it failed to affirmatively link him to the cocaine. In reviewing legal sufficiency of the evidence, we must view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The standard is the same for both direct and circumstantial evidence. *Sutherlin v. State,* 682 S.W.2d 546, 549 (Tex.Crim.App.1984). The legal sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge that is authorized by the indictment. *See Malik v. State,* 953 S.W.2d 234, 239 (Tex.Crim.App. 1997). This is done considering all the evidence that was before the jury—whether proper or improper—so that we can make an assessment from the jury's perspective. *See Miles v. State,* 918 S.W.2d 511, 512 (Tex. Crim.App.1996).

■ "A person commits an offense if the person knowingly or intentionally manufactures, delivers, or possesses with intent to manufacture or deliver a controlled substance...." Tex. Health & Safety Code Ann. § 481.112. In this case, the jury was charged to convict Howard if it found beyond a reasonable doubt that he intentionally or knowingly possessed cocaine with an intent to deliver. Appellant's complaint focuses solely on the purported absence of "affirmative links." To sustain a conviction for possession, the State must affirmatively link the accused to the contraband. *Travis v. State,* 638 S.W.2d 502, 503 (Tex.Crim.App.1982). An affirmative link is established by showing

facts and circumstances that indicate the accused's knowledge and control of the contraband. *Id.*

At trial, Larry Mackie [1] testified that he saw Howard remove the crack cocaine from his pocket and place it in a light fixture in one of the bedrooms. He also stated that Howard had a romantic relationship with the owner of the mobile home and that he had regular access—and perhaps a key—to the home. Officer Roach testified that as he entered the mobile home, he saw Howard exit the same bedroom where the cocaine was later found. Roach also mentioned that Howard claimed to own one of the cars parked in front of the home. After searching this car, Officer Roach discovered a razor with a white residue, presumably cocaine, hidden in the floorboard.

■ Mackie's testimony is sufficient to establish an affirmative link between Howard and his possession of cocaine. Though the evidence may support many conflicting inferences, we presume that the trier of fact resolved any such conflict in favor of the prosecution. *Turro v. State,* 867 S.W.2d 43 (Tex.Crim.App.1993). The jury had to find that Howard knowingly or intentionally possessed the cocaine and had the intent to distribute. Considering the jury charge that contained the correct elements of the crime charged, and viewing all the foregoing evidence in the light most favorable to the prosecution, we conclude that a rational jury could have found Howard guilty.[2] We overrule appellant's first point of error.

### Testimony of Accomplice Witness

We next address appellant's claim that the district court failed to instruct the jury as to

1. In a separate point of error complaining of the jury charge, appellant implies there is little evidence to corroborate the testimony of accomplice witness Larry Mackie. In such challenges to the sufficiency of corroborating evidence, we may not consider the accomplice's testimony even when the court fails to provide an appropriate instruction. *See McDuff v. State,* 939 S.W.2d 607 (Tex.Crim.App.1997); *Hammonds v.* State, 166 Tex.Crim. 499, 316 S.W.2d 423, 424–25 (1958) court must look at other sources of evidence in reviewing sufficiency of corroborating evidence; *Meador v. State,* 941 S.W.2d 156, 158 (Tex.App.—Corpus Christi 1996, pet. ref'd); *see also Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App.1997)

(hypothetically correct jury charge is considered in determining sufficiency of evidence). Here appellant complains only of legal insufficiency of the evidence to show "affirmative links." Furthermore, appellant concedes that Mackie's testimony may be considered in determining the legal sufficiency of the evidence.

2. Because Howard challenges only the legally sufficiency of the evidence linking him to the contraband, our review of the evidence is limited to this issue and we do not decide whether there was sufficient evidence of Howard's intent to distribute.

the effect of accomplice-witness testimony. Howard claims that this error was so egregious he was denied a fair and impartial trial. He requests a reversal, despite the fact he neither objected nor requested the appropriate instruction. He cites us to *Almanza v. State. See* 686 S.W.2d 157 (Tex.Crim.App. 1984). The State argues that, absent any objection to the charge or a request for the instruction, any error was waived.

■ An accomplice witness is one who has participated with a defendant before, during, or after the commission of a crime and who thereafter testifies against the defendant concerning that same crime. *Villarreal v. State,* 576 S.W.2d 51, 56 (Tex.Crim. App.1978), *cert. denied,* 444 U.S. 885, 100 S.Ct. 176, 62 L.Ed.2d 114 (1979); *Tidrow v. State,* 916 S.W.2d 623, 631 (Tex.App.—Fort Worth 1996, no pet.). When an individual is indicted for a lesser included offense based on the same offense as another, he is an accomplice as a matter of law. *Ex parte Zepeda,* 819 S.W.2d 874, 876 (Tex.Crim.App. 1991) (witness indicted for lesser included offense of voluntary manslaughter based on alleged participation in murder and who testified against defendant was accomplice as a matter of law); *see also East v. State,* 702 S.W.2d 606, 616 (Tex.Crim.App.1985), *cert. denied,* 474 U.S. 1000, 106 S.Ct. 418, 88 L.Ed.2d 368 (1985). Accomplice-witness testimony must be corroborated by other evidence connecting the defendant with the offense before a conviction is warranted. Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979). The purpose of this rule is to assure that the jury does not consider the accomplice witness's testimony unless it finds that the accomplice witness is telling the truth and that other evidence corroborates the discredited witness's testimony. *See McDuff v. State,* 943 S.W.2d 517, 520 (Tex.App.—Austin 1997, pet. ref'd); *see also Tran v. State,* 870 S.W.2d 654, 658 (Tex.App.—Houston 1994, pet. ref'd). This requires the jury to receive and act upon such testimony with caution,

considering the selfish interests and possibly corrupt motives of the witness.

■ In this case, Larry Mackie pleaded guilty to aiding and abetting another in the possession of cocaine with intent to distribute. He then testified against Howard at trial, stating that Howard had placed the cocaine in the light fixture. As the court noted in its charge to the jury, a person is criminally responsible as a party to an offense *if he assists or aids another in the commission of that offense.* Because he was convicted of a lesser included offense based on the same offense for which Howard was indicted, Mackie was an accomplice witness as a matter of law. *See Zepeda,* 819 S.W.2d at 875. However, no instruction was given to advise the jury of the need for corroborating evidence. Appellant neither requested such an instruction nor objected to its omission as required by articles 36.14 and 36.15. *See* Tex.Code Crim. Proc. Ann. arts. 36.14, 36.15 (West 1981 & Supp.1998).

*A. Error*

■ We must first determine whether the failure to include an instruction on accomplice-witness testimony in the jury charge constitutes error. *See Posey v. State,* 966 S.W.2d 57, 60 (Tex.Crim.App.1998); *Almanza v. State,* 686 S.W.2d 157, 172 (Tex. Crim.App.1985) (*op. on reh'g*). Normally a defendant must object to errors in the charge before he may be heard to complain on appeal. *Id.* Nevertheless, the court may concede that an error occurred, even absent any objection, if the error involves issues "upon which a district court has a duty to instruct without a request or objection from either party." *See Posey,* at 62.

Article 36.14 mandates that the trial court submit a charge setting forth "the law applicable to the case." Tex.Code Crim. Proc. Ann. art. 36.14.[3] Article 38.14 states that "[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the

---

3. Article 36.14 provides in part: "Subject to the provisions of Article 36.07 in each felony case and in each misdemeanor case tried in a court of record, the judge shall, before the argument begins, deliver to the jury, except in pleas of guilty, where a jury has been waived, a written charge distinctly setting forth *the law applicable to the case* ...." Tex.Code Crim. Proc. Ann. art. 36.14 (West 1981 & Supp.1998) (emphasis added).

defendant with the offense committed. And the corroboration is not sufficient if it merely shows the commission of the offense." Tex. Code Crim. Proc. Ann. art. 38.14. The statute is not worded conditionally upon a defendant's proper objection or request for an instruction. Its plain meaning disallows any conviction based upon uncorroborated testimony of an accomplice.

We acknowledge that the Texas Court of Criminal Appeals recently held in *Posey v. State* that defensive issues such as mistake of fact are not laws "applicable to the case" for purposes of article 36.14. *Posey*, at 62. Unless the defendant makes a timely objection or request, the court in *Posey* said that failure to instruct the jury on a defensive issue is not error. *Id.*

 An instruction as to the proper effect of accomplice-witness testimony, however, is not a defensive issue. Unlike defensive issues which are discretionary, the need for corroborating evidence when basing a conviction on an accomplice's testimony is codified by our legislature. Tex.Code Crim. Proc. Ann. art. 38.14. Although deciding which defensive issues to request is typically a strategic decision left to the lawyer and client, it is difficult to think of a situation where any reasonably competent lawyer would not seek an accomplice-witness instruction for strategic reasons. We find that the statutorily required instruction regarding accomplice-witness testimony, unlike defensive issues, is "law applicable to the case." A failure to instruct the jury that an accomplice's testimony must be corroborated by other evidence tending to connect the defendant to the crime is error.

This conclusion is consistent with the Texas Court of Criminal Appeals' holding in *Saunders v. State*. *See* 817 S.W.2d 688, 693 (Tex.Crim.App.1991) (court's failure to instruct jury of need to corroborate accomplice testimony in arson prosecution was critical to trial's outcome and effectively denied defendant fair trial). When presented with facts similar to those before us now, the court in *Saunders* decided without discussion that the trial court's failure to instruct the jury as to accomplice-witness testimony was error. *Id.* The fact that defense counsel failed to object

to the omission of an instruction on that law was only relevant in determining which standard of harm to apply under *Almanza*. *See Saunders*, 817 S.W.2d at 693. Similarly, we conclude here that the district court's failure to tell the jury of this requirement was error because the court failed to provide the "law applicable to the case." Tex.Code Crim. Proc. Ann. art. 36.14.

### B. Egregious Harm

 Determining whether there was error is only the first step of our analysis. *Almanza*, 686 S.W.2d at 174. Having found error, we must next determine whether the error in these circumstances caused egregious harm. *See Posey*, at 61 n.9 (explaining *Almanza*, 686 S.W.2d at 172). In determining the degree of harm resulting from an error in the charge, Texas courts follow the analysis set out in *Almanza*, 686 S.W.2d at 172. *See also Saunders*, 817 S.W.2d at 693. The *Almanza* standard provides that

> ... one reason to reverse for error in the charge arises if the error, having been properly objected to at trial, is harmful and therefore "calculated to injure the rights of the defendant." An independent basis for reversal arises if the error, *even though not timely objected to,* is so egregious and creates such harm that it deprives the accused of a "fair and impartial trial."

*Almanza*, 686 S.W.2d at 172 (emphasis added) (citations omitted). Here we must determine whether Howard was denied a fair trial because of egregious harm resulting from this unobjected to error. In assessing the degree of harm, the court is to look to: (1) the entire jury charge; (2) the state of the evidence, including contested issues and the weight of the probative evidence; (3) the arguments of counsel; and (4) any other relevant information revealed by the record of the trial as a whole. *Bailey v. State*, 867 S.W.2d 42, 43 (Tex.Crim.App.1993) (citing *Almanza*, 686 S.W.2d at 172). Since its holding in *Almanza*, the Texas Court of Criminal Appeals has made it clear that the issue of harm is mainly "an empirical question ... primarily contingent on the individual peculiarities of each trial, considered as a whole."

*Saunders,* 817 S.W.2d at 690. Though we recognize the need to independently evaluate each situation on a case-by-case basis, it is nevertheless useful to review how this analysis has been applied to factually similar scenarios.

In *Saunders v. State,* the court of criminal appeals assessed the degree of harm resulting from a trial court's failure to instruct the jury that accomplice-witness testimony must be corroborated before it may be used as a basis for conviction. *Id.* at 692. In determining whether there was egregious harm, the court focused on whether the corroborating evidence was so "weak and unconvincing" that the State's case for conviction would have been clearly and significantly less persuasive had the jury been properly instructed. *Id.* In return for having arson charges against himself dismissed, a friend gave damaging testimony against the defendant, who was then convicted of arson. Though the court found some evidence independent of the accomplice-witness testimony that could have been construed to implicate the defendant, the court concluded that such evidence was significantly weak. Evidence of the defendant's large debt, an increase in insurance coverage prior to the fire, and evidence of a possible kerosene spill led only to a "weak inference" that the defendant set the fire, absent any other corroborating evidence. *Id.* at 693. Because rational jurors could certainly have assessed the State's case as "significantly less persuasive" had they been properly instructed, the court found that the error caused egregious harm. The need to corroborate the accomplice witness's accusations was critical to the outcome of the trial. Because of this, *omitting the instruction denied the defendant a fair trial. Id.*

 The test for determining whether evidence is sufficient to corroborate accomplice testimony is to first eliminate from consideration the accomplice witness's testimony and then to examine the other inculpatory evidence to ascertain whether the remaining evidence independently "tends to connect" the defendant with the offense. *McDuff v. State,* 939 S.W.2d 607 (Tex.Crim.App.1997). With these considerations in mind, we now review the trial record before us to deter-mine whether the failure to include the accomplice-witness instruction was so egregious as to have denied Howard a fair and impartial trial. Other than the testimony of Mackie, the only evidence that could possibly link Howard to possession of the cocaine is the testimony of Officer Roach who, upon entering the mobile home, saw Howard come out of the west bedroom into the living room. This observation, along with the uncontroverted fact that the cocaine was hidden in a frosted ceiling light fixture in that room, is weak evidence from which to find that Howard controlled or possessed the cocaine. In reviewing convictions for drug possession, Texas appellate courts have found that a defendant's mere presence is generally insufficient by itself to constitute adequate corroborating evidence. *Navejar v. State,* 760 S.W.2d 786, 787 (Tex.App.—Corpus Christi 1988, pet. ref'd) (fact that defendant followed accomplice into parking lot, parked beside him, and remained there while accomplice delivered heroin to undercover police officer was insufficient to serve as corroborative evidence); *Moreno v. State,* 761 S.W.2d 407, 411 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd) (fact that defendant was passenger in vehicle which accomplice witness drove to motel where accomplice made transaction while defendant remained in the car was insufficient to independently tend to connect him to cocaine delivery charged). *But see Moreno,* 761 S.W.2d at 409–10 (proof that accused was at or near scene of crime, when coupled with other suspicious circumstances, may tend to connect accused to crime) (citing *Reed v. State,* 744 S.W.2d 112, 127 (Tex.Crim. App.1988)). When evaluating corroborating evidence, Texas courts have found that other circumstances such as a defendant's attempted flight or furtive gestures may determine how much significance to attach to the defendant's presence at the scene. *See, e.g., Moreno,* 761 S.W.2d at 410, *Verrett v. State,* 648 S.W.2d 712, 714 (Tex.App.—Beaumont 1982, pet. ref'd). No evidence was offered that suggested Howard acted in any suspicious manner. Unlike the unidentified woman who fled through the back door, Howard did not attempt to escape. Instead he approached the investigating officer to ask what was going on.

Proof that Howard was in knowing possession of marihuana is also circumstantial evidence to establish that he possessed and intended to deliver the cocaine hidden in the light fixture. Though Officer Roach testified that Howard "claimed" to own the car in which the razor with the white residue was found, the registration records established that the car belonged to Mackie, not Howard. Because of this, the evidence other than Mackie's testimony tending to connect appellant to the offense is tenuous. Additional evidence cannot merely show the commission of the crime; it must tend to *connect* the defendant to the commission of the crime. *See* Tex.Code Crim. Proc. Ann. art. 38.14; *see also Reed,* 744 S.W.2d at 126.

Viewing the evidence as a whole and the arguments counsel made to the jury, we must agree that the State's case against Howard relied substantially on the testimony of Mackie. Other than the evidence that Officer Roach saw Howard exit the room in which the cocaine was hidden and the controverted testimony regarding ownership of the car where the razor with "white residue" was found, there is little evidence tending to link Howard to actual possession or control of the cocaine other than the testimony of accomplice Larry Mackie. As in *Saunders,* this evidence leads to only the weakest of inferences. Because the State's case relied overwhelmingly upon Mackie's testimony, the jury instruction was critical to the outcome of the case. Rational jurors certainly could have found the State's case significantly less persuasive had they been properly instructed. Considering that (1) there was extremely weak independent evidence tending to connect defendant with this crime; (2) the State's argument was based substantially on Mackie's testimony; and (3) the correct jury charge would have made the State's case significantly less persuasive, this error was egregious enough to deprive Howard of a fair trial.[4] The harm here satisfies the *Almanza* standard. For these reasons, we sustain appellant's second point of error.

4. We hold here only that the independent evidence was so weak as to cause Howard egregious harm; we do not hold there was *no*

### Ineffective Assistance of Counsel

■ Should we have misinterpreted the court of criminal appeals' holding that *Posey* applies only to defensive issues, or erred in concluding that the failure to give the accomplice-witness instruction is beyond the ruling in *Posey,* we will address Howard's related complaint that trial counsel's failure to give this instruction deprived him of effective assistance of counsel. The *Posey* opinion strengthens our conclusion that if the failure to instruct under these circumstances is not error invoking the *Almanza* standard for egregious harm, then defense attorney's failure to object must certainly amount to ineffective assistance of counsel. *See Posey,* at 62 (Womack, J., concurring) (defense attorney's failure to object to jury-charge omission would almost always amount to ineffective assistance of counsel); *see also Posey,* at 59–60 (Mansfield, J., concurring) (while failure to include instruction on defensive issue of mistake of fact is not trial court's error, failure of defense counsel to request such instruction is ineffective assistance of counsel).

In *Strickland v. Washington* the United States Supreme Court provided the constitutional standard for determining whether counsel's ineffective assistance was so prejudicial that it denied defendant a fair trial. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It requires the appellant to show that (1) counsel's performance was deficient by falling below a minimum objective level of reasonableness and (2) this deficient performance prejudiced the defense and deprived the defendant of a fair trial, *i.e.,* that there is a reasonable probability the result of the trial would have been different, but for counsel's unprofessional errors. *Id.* at 696, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Texas has adopted this two-prong test. *See Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986).

■ In some circumstances, the failure to request a jury instruction on accomplice-wit-

evidence tending to connect defendant to the offense.

ness testimony may constitute ineffective assistance of counsel. *See Zepeda*, 819 S.W.2d at 876. In *Zepeda*, the testimony of two accomplice witnesses was essential to the State's prosecution of the defendant for murder. No other evidence tended to connect the defendant to the commission of the offense. *Id.* at 875. Because the outcome depended heavily on the accomplice testimony alone, defense counsel's failure to object to the omission of such an instruction rendered the counsel's performance deficient. *Id.* The court in *Zepeda* referred to its holding in *Saunders* and determined that the egregious error caused by the failure to request the instruction prejudiced the defendant's case and deprived him of a fair trial. *Id.* at 876.

■ After evaluating defense counsel's performance in this case, we conclude that Howard, like Zepeda, was deprived of effective assistance of counsel. It is true that courts should indulge a strong presumption that counsel was reasonably effective. *Strickland*, 466 U.S. at 668, 104 S.Ct. 2052. Strategic choices made after reasonable investigation are almost unchallengeable. *Zepeda*, 819 S.W.2d at 876. Nevertheless, a single error of omission can constitute impermissibly ineffective assistance. *Ex parte Felton*, 815 S.W.2d 733, 735 (Tex.Crim.App. 1991). In this case, counsel's failure to object to the charge or to request such an accomplice-witness instruction cannot be characterized as a sound trial strategy that a reasonable defense attorney would advocate. Even judging the reasonableness of counsel's conduct in light of the circumstances at the time fails to mitigate the unreasonable severity of the omission. This failure allowed the jury to improperly weigh the evidence by allowing it to base its verdict on Mackie's testimony alone, without regard to the sufficiency of any corroborating evidence.

■ The State directs our attention to *Robinson v. State* in which an attorney's failure to request a jury instruction on accomplice-witness testimony was not ineffective assistance of counsel. 665 S.W.2d 826 (Tex.App.—Austin 1984, pet. ref'd). The circumstances of that case, however, are unlike those found here. In *Robinson*, the court found ample corroboration of the accomplice witness's testimony provided by testimony of other witnesses and the defendant's own confession. *See id.* at 832. The evidence of defendant's guilt was "overwhelming." *Id.* In the present case, however, other evidence such as Howard's presence in the room only supported weak inferences; the accomplice's testimony was essential to the State's prosecution of Howard. Because the outcome depended so heavily on the accomplice testimony alone, defense counsel's failure to object to the omission of such an instruction rendered the counsel's performance deficient and prejudicial to the point that it undermines our confidence in the outcome of the trial. There is a reasonable probability that the result of the proceedings would have been different, but for this deficiency. For this reason we sustain appellant's third point of error as well.

## CONCLUSION

We hold that the omission of an instruction requiring evidence to corroborate the accomplice witness's testimony under these facts created egregious harm that deprived appellant of a fair and impartial trial, and counsel's failure to request such an instruction denied appellant effective assistance of counsel. We reverse the judgment of the district court and remand the cause for a new trial.[5]

---

**5.** Having sustained these two points of error, we need not address any of appellant's other complaints.