TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00043-CR







Quentin Larry Goodman, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0974328, HONORABLE BOB PERKINS, JUDGE PRESIDING







A jury found appellant Quentin Larry Goodman guilty of aggravated robbery and
assessed punishment at imprisonment for sixty years. See Tex. Penal Code Ann. § 29.03(a)(2)
(West 1994). We will affirm.

The details of the offense are irrelevant to the issues on appeal. It is sufficient to
note that Goodman committed the crime with an accomplice, Eddie Bunton. Bunton testified for
the State at both stages of the trial. During his punishment stage testimony, Bunton said that he
and Goodman were members of the Bloods, an Austin gang. Bunton also testified that he,
Goodman, and a third man attempted to rob Goodman's neighbor about one week before the
instant robbery. An Austin police officer testified that the Bloods were involved in drug
trafficking, drive-by shootings, robberies, assaults, and thefts.

The district court's punishment charge instructed the jury not to consider the
extraneous robbery unless it believed beyond a reasonable doubt that Goodman committed the
offense. See Mitchell v. State, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996); Tex. Code Crim.
Proc. Ann. art. 37.07, § 3(a) (West Supp. 1999) (extraneous offenses must be proved beyond
reasonable doubt). In his first point of error, Goodman contends the court also should have
instructed the jury not to consider Bunton's testimony unless it was corroborated by other
evidence tending to connect Goodman to the extraneous offense. In his second point, Goodman
contends he also was entitled to an instruction limiting the jury's consideration of his gang
membership to the question of his character, and that his trial counsel was ineffective for failing
to request it. 

"A conviction cannot be had upon the testimony of an accomplice unless [the
accomplice's testimony is] corroborated by other evidence tending to connect the defendant with
the offense committed . . . ." Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979) (accomplice
witness rule). It is undisputed that Bunton was an accomplice as a matter of law, both as to the
charged offense and the extraneous offense. The district court instructed the jury at the guilt stage
not to consider Bunton's testimony unless it was properly corroborated, but did not give an
accomplice witness instruction at the punishment stage. Goodman did not request the instruction
or object to its omission. 

When a witness who is an accomplice as a matter of law gives testimony to which
article 38.14 applies, the statutorily required instruction is "law applicable to the case" within the
meaning of article 36.14. See Howard v. State, 972 S.W.2d 121, 124 (Tex. App.--Austin 1998,
no pet.); Tex. Code Crim. Proc. Ann. art. 36.14 (West Supp. 1999) (court must deliver written
charge setting forth law applicable to case). Thus, if article 38.14 applies to extraneous offense
testimony by an accomplice witness at the punishment stage, Goodman's failure to request the
instruction does not bar our consideration of the error on appeal. See Saunders v. State, 817
S.W.2d 688, 692-93 (Tex. Crim. App. 1991); Almanza v. State, 686 S.W.2d 157, 171-72 (Tex.
Crim. App. 1985) (op. on reh'g); Howard, 972 S.W.2d at 124.

It is settled that article 38.14 does not apply to an accomplice witness's extraneous
offense testimony at the punishment stage of a capital murder trial. See Thompson v. State, 691
S.W.2d 627, 633 (Tex. Crim. App. 1984); May v. State, 618 S.W.2d 333, 343 (Tex. Crim. App.
1981). The court of criminal appeals has not spoken to the application of article 38.14 to
extraneous offense testimony at the punishment stage of a noncapital trial, but one court of appeals
has held that the statute does not apply. See Stevenson v. State, 997 S.W.2d 766, 770 (Tex.
App.--Houston [1st Dist.] 1999, pet. filed). Another court of appeals apparently shares this view. 
See Johnson v. State, 969 S.W.2d 134, 135 (Tex. App.--Texarkana 1998, pet. ref'd) (accomplice's
uncorroborated extraneous offense testimony admissible at punishment stage).

In determining that article 38.14 did not apply at the punishment stage of a capital
murder trial, the court of criminal appeals in May began with the text of the statute. The court
wrote:


Art. 38.14 . . . concerns the sufficiency of evidence needed to support a conviction
and to connect the defendant with the offense charged when the State is relying on
accomplice witness testimony. Before the punishment stage of the trial is reached
the defendant has been found guilty -- he has been convicted -- only his punishment
remains to be assessed. Nothing in Art. 38.14 . . . suggests that "yes" answers
to the [capital murder punishment issues] cannot be had upon uncorroborated
accomplice witness testimony.



May, 618 S.W.2d at 342. The May court also examined the language of article 37.071, the capital
murder punishment statute. See id.; Tex. Code Crim. Proc. Ann. art. 37.071 (West Supp.
1999). (1) The statute provides that at a capital sentencing hearing, "evidence may be presented .
. . as to any matter that the court deems relevant to sentence." Art. 37.071, § 2(a). It is
constitutionally essential that the jury have before it all possible relevant information about the
defendant whose fate it must determine. See May, 618 S.W.2d at 342 (citing Jurek v. Texas, 428
U.S. 262, 276 (1976)). The court found nothing in article 37.071 that would preclude the jury's
consideration of uncorroborated accomplice witness testimony regarding the defendant's
unadjudicated criminal conduct. See id.

For the reasons given in May, we also conclude that article 38.14 does not apply
to extraneous offense testimony by an accomplice witness at the punishment stage of a noncapital
trial. Article 38.14 expressly refers to the evidence necessary to support a conviction. At the
punishment stage, the issue is not the defendant's guilt but the proper punishment to assess for the
crime for which he has already been convicted. Nothing in the plain language of article 38.14
suggests that uncorroborated accomplice witness testimony cannot be considered in deciding the
proper punishment in a noncapital case. Nor do we find any support for a result contrary to May
in the statute governing the conduct of noncapital punishment proceedings. See Tex. Code Crim.
Proc. Ann. art. 37.07 (West 1981 & Supp. 1999). This statute, like the capital murder statute,
permits the introduction of evidence "as to any matter the court deems relevant to sentencing." 
Id., § 3(a) (West Supp. 1999). The statute expressly authorizes evidence of "an extraneous crime
or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the
defendant" even if it has not resulted in a conviction. Id. Article 37.07 does not prohibit the use
of uncorroborated accomplice witness testimony to prove the defendant's commission of an
extraneous offense.

Goodman argues that May should not be followed in noncapital cases because the
capital murder sentencing scheme is unique. In particular, he notes the absence in article 37.071
of any provision comparable to section 3(b) of article 37.07:


After the introduction of such evidence has been concluded, and if the jury
has the responsibility of assessing the punishment, the court shall give such
additional written instructions as may be necessary and the order of procedure and
the rules governing the conduct of the trial shall be the same as are applicable on
the issue of guilt or innocence.



Tex. Code Crim. Proc. Ann. art. 37.07, § 3(b) (West 1981). We do not find that section 3(b)
supports Goodman's position. An accomplice witness instruction is necessary at the punishment
stage of a noncapital trial only if article 38.14 applies to such proceedings; if the statute does not
apply, the instruction is not necessary. 

Because article 38.14 by its terms requires corroboration only of accomplice
witness testimony used to convict the accused, and because article 37.07, section 3(a) does not
preclude the use of uncorroborated accomplice witness testimony to prove unadjudicated
extraneous offenses, we hold that the district court did not err by failing to give an accomplice
witness instruction regarding Bunton's testimony at the punishment stage. Point of error one is
overruled.

By his second point, Goodman contends he did not receive effective assistance of
counsel at the punishment stage. To sustain this claim, Goodman must show that his attorney
erred to such a degree that he was not functioning effectively as counsel, and thereby deprived
Goodman of a fair trial. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v.
State, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). Goodman urges that counsel was
ineffective because he did not request an instruction limiting the jury's consideration of
Goodman's membership in the Bloods gang to the question of his character. He argues that in the
absence of such an instruction, the jury was permitted to assume that he participated in the
shootings, robberies, and other criminal acts attributed to the Bloods.

Goodman relies on the opinions in Beasley v. State, 902 S.W.2d 452 (Tex. Crim.
App. 1995), and Anderson v. State, 901 S.W.2d 946 (Tex. Crim. App. 1995). In these two
opinions announced the same day, the court held that the trial courts did not err by admitting
evidence at the punishment stage showing that the defendant belonged to a gang, that the gang was
involved in criminal activities, and that the gang had a bad reputation in the community. This
holding was announced by Judge Overstreet, who wrote that evidence of the defendant's gang
membership was relevant to the question of his character. See Beasley, 902 S.W.2d at 456;
Anderson, 901 S.W.2d at 950. He added, "For the jury to assess a defendant's character based
on his gang membership, not only should the jury know of the defendant's gang membership, but
also of the activities and purposes of the gang to which he belongs." Anderson, 901 S.W.2d at
950; see Beasley, 902 S.W.2d at 456. Only two other judges joined Judge Overstreet's opinion. 
Judge Mansfield concurred in an opinion agreeing that the challenged testimony was admissible
to prove the defendant's character. See Anderson, 901 S.W.2d at 952; Beasley, 902 S.W.2d at
462. Presiding Judge McCormick concurred in the result only. See Beasley, 902 S.W.2d at 457; 
Anderson, 901 S.W.2d at 951. Judge Clinton, joined by Judge Meyers, was of the opinion that
the evidence in question was properly admitted as a circumstance of the offender, but expressly
rejected the view that gang membership was admissible character evidence. See Beasley, 902
S.W.2d at 458, 461-62; Anderson, 901 S.W.2d at 951. Judge Maloney, joined by Judge Baird,
dissented. See Beasley, 902 S.W.2d at 463; Anderson, 901 S.W.2d at 954. Judge Maloney
would admit evidence of gang membership only if it is proved beyond a reasonable doubt that the
defendant is a member of the gang and has participated in acts intended to further the gang's
unlawful purposes. See Beasley, 902 S.W.2d at 471; Anderson, 901 S.W.2d at 954. 

As this breakdown of the various opinions in Beasley and Anderson discloses, only
four judges were of the opinion that evidence of gang membership of the sort at issue in this cause
is both relevant and admissible to prove the defendant's character. And, contrary to Goodman's
argument, Judge Clinton did not write that a defendant is entitled to an instruction limiting the
jury's consideration of gang membership evidence to the character issue. Instead, Judge Clinton
expressed the view that evidence of gang membership is not admissible character evidence, and
that a jury should be instructed not to consider gang membership as character evidence. See
Beasley, 902 S.W.2d at 462; Anderson, 901 S.W.2d at 951. Goodman's counsel was not
ineffective for failing to request a limiting instruction to which Goodman has not shown himself
entitled. Point of error two is overruled.

The judgment of conviction is affirmed.



 


 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: November 18, 1999

Publish
1. Article 37.071 has been amended since May was decided, but the relevant language remains
substantially the same.



 attorney
erred to such a degree that he was not functioning effectively as counsel, and thereby deprived
Goodman of a fair trial. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v.
State, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). Goodman urges that counsel was
ineffective because he did not request an instruction limiting the jury's consideration of
Goodman's membership in the Bloods gang to the question of his character. He argues that in the
absence of such an instruction, the jury was permitted to assume that he participated in the
shootings, robberies, and other criminal acts attributed to the Bloods.

Goodman relies on the opinions in Beasley v. State, 902 S.W.2d 452 (Tex. Crim.
App. 1995), and Anderson v. State, 901 S.W.2d 946 (Tex. Crim. App. 1995). In these two
opinions announced the same day, the court held that the trial courts did not err by admitting
evidence at the punishment stage showing that the defendant belonged to a gang, that the gang was
involved in criminal activities, and that the gang had a bad reputation in the community. This
holding was announced by Judge Overstreet, who wrote that evidence of the defendant's gang
membership was relevant to the question of his character. See Beasley, 902 S.W.2d at 456;
Anderson, 901 S.W.2d at 950. He added, "For the jury to assess a defendant's character based
on his gang membership, not only should the jury know of the defendant's gang membership, but
also of the activities and purposes of the gang to which he belongs." Anderson, 901 S.W.2d at
950; see Beasley, 902 S.W.2d at 456. Only two other judges joined Judge Overstreet's opinion. 
Judge Mansfield concurred in an opinion agreeing that the challenged testimony was admissible
to prove the defendant's character. See Anderson, 901 S.W.2d at 952; Beasley, 902 S.W.2d at
462. Presiding Judge McCormick concurred in the result only. See Beasley, 902 S.W.2d at 457; 
Anderson, 901 S.W.2d at 951. Judge Clinton, joined by Judge Meyers, was of the opinion that
the evidence in question was properly admitted as a circumstance of the offender, but expressly
rejected the view that gang membership was admissible character evidence. See Beasley, 902
S.W.2d at 458, 461-62; Anderson, 901 S.W.2d at 951. Judge Maloney, joined by Judge Baird,
dissented. See Beasley, 902 S.W.2d at 463; Anderson, 901 S.W.2d at 954. Judge Maloney
would admit evidence of gang membership only if it is proved beyond a reasonable doubt that the
defendant is a member of the gang and has participated in acts intended to further the gang's
unlawful purposes. See Beasley, 902 S.W.2d at 471; Anderson, 901 S.W.2d at 954. 

As this breakdown of the various opinions in Beasley and Anderson discloses, only
four judges were of the opinion that evidence of gang membership of the sort at issue in this cause
is both relevant and admissible to prove the defendant's character. And, contrary to Goodman's
argument, Judge Clinton did not write that a defendant is entitled to an instruction limiting the
jury's consideration of gang membership evidence to the character issue. Instead, Judge Clinton
expressed the view that evidence of gang membership is not admissible character evidence, and
that a jury should be instructed not to consider gang membership as character evidence. See
Beasley, 902 S.W.2d at 462; Anderson, 901 S.W.2d at 951. Goodman's counsel was not
ineffective for failing to request a limiting instruction to which Goodman has not shown himself
entitled. Point of error two is overruled.

The judgment of conviction is affirmed.



 


 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices