TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00514-CR





Charles Robert Dorn, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT

NO. 2011559, HONORABLE MICHAEL J. MCCORMICK, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Appellant Charles Dorn appeals from his conviction of possession of a controlled
substance. See Tex. Health & Safety Code Ann. § 481.115(a), (b) (West Supp. 2003). In his sole
point of error, appellant asserts that the evidence is legally insufficient to support his conviction. We
will affirm the judgment of the trial court.


BACKGROUND

 On September 11, 2001, officers were dispatched to a location in south Austin to
investigate a report of a suspicious male. Officers detained appellant, who fit the caller's description.
Following a warrant check that revealed an outstanding warrant, Officer Billy Parks placed appellant
under arrest. Prior to transporting appellant, the officer patted him down and searched his pockets
but did not search under his clothing. The officer then handcuffed appellant, placed him in the back
seat of the vehicle, put his backpack in the trunk, and drove him to jail. 

 Prior to his shift, as is customary, Officer Parks had inspected his vehicle, including
checking the back seat for contraband or weapons. No one other than appellant rode in the back seat
of the patrol car that morning. While en route to the jail, the officer noticed that appellant was
moving around in the back seat. Suspecting appellant might have slipped a weapon or contraband
under the back seat during the drive, Officer Parks inspected the passenger side of the back seat after
removing appellant but did not find anything. After booking appellant, Officer Parks checked the
back seat again on the driver's side and found a small plastic baggie containing a white powdery
substance by the seat belt. The substance was subsequently determined to be 0.48 grams of cocaine. 
Appellant waived a jury trial and entered a not guilty plea before the trial court.


DISCUSSION

 Appellant contends the evidence is legally insufficient to affirmatively link him to
the contraband found by Officer Parks in the patrol car. Evidence is legally sufficient to support a
criminal conviction if, after viewing all the evidence in the light most favorable to the verdict, a
rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); King v. State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000). The standard is the same for both direct and circumstantial evidence. Sutherlin
v. State, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984); Howard v. State, 972 S.W.2d 121, 124 (Tex.
App.--Austin 1998, no pet.). 
 In order to prove unlawful possession of a controlled substance, the State must prove 
that the defendant exercised care, custody, control, or management over the substance, and that he
knew the substance was contraband. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). 
Citing Brown, appellant argues that because he was not in exclusive possession of the place where
the contraband was found--namely a patrol car owned by the City of Austin--there must be
evidence which affirmatively links him to the contraband in such a way that it can be concluded that 
he had knowledge of the contraband and exercised control over it. Id. 

 The "affirmative links" rule is really a shorthand expression to identify what must be
proven in a prosecution for the possession of illegal drugs. Id. The accused must have exercised
actual care, control, or custody of the substance, as well as have been conscious of his connection
with it and have known what it was. Id. Evidence which affirmatively links him to the substance 
suffices for proof that he possessed it knowingly. Id. It does not really matter whether this evidence
is direct or circumstantial. Id. In either case, the evidence must establish, to the requisite level of
confidence, that the accused's connection with the drug was more than just fortuitous. Id. What an
affirmative link essentially does is describe why the circumstantial evidence in a particular case was
sufficient for conviction. Id.

 Appellant argues that because he was not in exclusive possession of the place where
the drugs were found, the State must affirmatively link the drugs to him. However, because the back
seat was clean before appellant was placed in it and no one other than appellant was in the patrol car
that morning, appellant was essentially in exclusive possession of the place where the drugs were
found. Therefore, the analysis is simply whether the circumstantial evidence in this case proves
beyond a reasonable doubt that appellant had knowledge and control of the drugs. Circumstantial
evidence has been defined as "direct proof of a secondary fact which, by logical inference,
demonstrates the ultimate fact to be proven." Martinets v. State, 884 S.W.2d 185, 188 (Tex.
App.--Austin 1994, no pet.) (citing Eaglin v. State, 872 S.W.2d 332, 336 (Tex. App.--Beaumont
1994, no pet.). Circumstances supporting the trial court's finding that appellant possessed cocaine
include: (1) uncontroverted evidence that the back seat of the police vehicle was inspected and found
to be clean by Officer Parks prior to his shift; (2) the search of appellant's clothes was incomplete
before transport to the jail; (3) appellant's movements in the back seat during transport made the
officer suspect an attempt to conceal contraband; and (4) no one other than appellant was in the back
seat of the patrol car that morning. Viewing all the evidence in the light most favorable to the
verdict, we hold that a rational trier of fact could find that appellant knowingly possessed the
cocaine. Therefore, we hold there was sufficient evidence to support appellant's conviction. 

CONCLUSION

 Accordingly, the judgment of the trial court is affirmed.



 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: May 15, 2003

Do Not Publish