# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00514-CR

**Charles Robert Dorn, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. 2011559, HONORABLE MICHAEL J. MCCORMICK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Charles Dorn appeals from his conviction of possession of a controlled substance. *See* Tex. Health & Safety Code Ann. ' 481.115(a), (b) (West Supp. 2003). In his sole point of error, appellant asserts that the evidence is legally insufficient to support his conviction. We will affirm the judgment of the trial court.

## BACKGROUND

On September 11, 2001, officers were dispatched to a location in south Austin to investigate a report of a suspicious male. Officers detained appellant, who fit the caller=s description. Following a warrant check that revealed an outstanding warrant, Officer Billy Parks placed appellant under

arrest. Prior to transporting appellant, the officer patted him down and searched his pockets but did not search under his clothing. The officer then **handcuffed appellant, placed him in the back seat of the vehicle, put his backpack in the trunk, and drove him to jail.**

**Prior to his shift, as is customary, Officer Parks had inspected his vehicle, including checking the back seat for contraband or weapons. No one other than appellant rode in the back seat of the patrol car that morning. While en route to the jail, the officer noticed that appellant was moving around in the back seat. Suspecting appellant might have slipped a weapon or contraband under the back seat during the drive, Officer Parks inspected the passenger side of the back seat after removing appellant but did not find anything. After booking appellant, Officer Parks checked the back seat again on the driver=s side and found a small plastic baggie containing a white powdery substance by the seat belt. The substance was subsequently determined to be 0.48 grams of cocaine. Appellant waived a jury trial and entered a not guilty plea before the trial court.**

## DISCUSSION

**Appellant contends the evidence is legally insufficient to affirmatively link him to the contraband found by Officer Parks in the patrol car. Evidence is legally sufficient to support a criminal conviction if, after viewing all the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.** *Jackson v. Virginia,* **443 U.S. 307, 319 (1979);** *King v. State,* **29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The standard is the same for both direct and circumstantial evidence.** *Sutherlin v. State***, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984);** *Howard v. State***, 972 S.W.2d 121,**

**124 (Tex. App.C Austin 1998, no pet.).** **In order to prove unlawful possession of a controlled substance, the State must prove that the defendant exercised care, custody, control, or management over the substance, and that he knew the substance was contraband.** *Brown v. State*, **911 S.W.2d 744, 747 (Tex. Crim. App. 1995). Citing** *Brown,* **appellant argues that because he was not in exclusive possession of the place where the contraband was foundC namely a patrol car owned by the City of AustinC there must be evidence which affirmatively links him to the contraband in such a way that it can be concluded that he had knowledge of the contraband and exercised control over it. Id.**

The Aaffirmative links@ rule is really a shorthand expression to identify what must be proven in a prosecution for the possession of illegal drugs. *Id.* The accused must have exercised actual care, control, or custody of the substance, as well as have been conscious of his connection with it and have known what it was. *Id.* Evidence which affirmatively links him to the substance suffices for proof that he possessed it knowingly. *Id.* It does not really matter whether this evidence is direct or circumstantial. *Id.* In either case, the evidence must establish, to the requisite level of confidence, that the accused=s connection with the drug was more than just fortuitous. *Id.* What an affirmative link essentially does is describe why the circumstantial evidence in a particular case was sufficient for conviction. *Id.*

Appellant argues that because he was not in exclusive possession of the place where the drugs were found, the State must affirmatively link the drugs to him. However, because the back seat was clean before appellant was placed in it and no one other than appellant was in the patrol car that morning, appellant was essentially in exclusive possession of the place where the drugs were found. Therefore, the

3

analysis is simply whether the circumstantial evidence in this case proves beyond a reasonable doubt that appellant had knowledge and control of the drugs. Circumstantial evidence has been defined as Adirect proof of a secondary fact which, by logical inference, demonstrates the ultimate fact to be proven.@ *Martinets v. State*, 884 S.W.2d 185, 188 (Tex. App.CAustin 1994, no pet.) (citing *Eaglin v. State*, 872 S.W.2d 332, 336 (Tex. App.CBeaumont 1994, no pet.).

**Circumstances supporting the trial court=s finding that appellant possessed cocaine include: (1) uncontroverted evidence that the back seat of the police vehicle was inspected and found to be clean by Officer Parks prior to his shift; (2) the search of appellant=s clothes was incomplete before transport to the jail; (3) appellant=s movements in the back seat during transport made the officer suspect an attempt to conceal contraband; and (4) no one other than appellant was in the back seat of the patrol car that morning. Viewing all the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could find that appellant knowingly possessed the cocaine.** Therefore, we hold there was sufficient evidence to support appellant=s conviction.

## CONCLUSION

**Accordingly, the judgment of the trial court is affirmed.**

_____

**David Puryear, Justice**

4

**Before Chief Justice Law, Justices B. A. Smith and Puryear**

**Affirmed**

**Filed: May 15, 2003**

**Do Not Publish**