Affirmed and Memorandum Opinion filed November 6, 2008








Affirmed and Memorandum Opinion filed November 6, 2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00360-CR

_______________

 

JAMES EARL SCOTT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 176th District Court

 Harris County, Texas

Trial Court Cause No. 1066583 

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

A jury
convicted appellant James Earl Scott of murder and, after finding two felony
enhancements Atrue,@ sentenced him to sixty-five years= confinement in the Texas Department
of Criminal Justice, Institutional Division.  In a single issue, appellant
challenges his conviction on the ground that the trial court failed to instruct
the jury that one of the State=s witnesses was an accomplice as a matter of law.  We affirm.








I.  Background

Appellant
has not challenged the sufficiency of the evidence; we therefore discuss the
facts only briefly here and throughout the opinion as necessary to address
appellant=s issue. 

On April
23, 2006, appellant was riding in Domingo Turcio=s car when he received a phone call
from his brother, John Scott.  After talking with his brother for a few
moments, appellant asked Turcios to take him to appellant=s house.  Appellant later told police
that John had called to inform him that he Ahad gotten into it with some Mexican
males.@  Turcios complied, and when they
arrived at appellant=s home, appellant asked Turcios to wait.  Appellant went
inside his house and returned to Turcios=s car carrying a gun.  Appellant=s cousin, Darrell Perry, either
entered the car at appellant=s house or was riding with appellant and Turcios before
appellant obtained the gun.  According to Turcios, he anticipated the three of
them were going to make a drug deal.  At appellant=s request, Turcios drove toward
Charriton Street.  Appellant was in the front passenger seat and Perry was
sitting in the back seat.








At a
cross street, they started following behind  appellant=s brother, who was driving another
car.  They drove onto Charriton Street, where they saw, Jonathan Pastrana, and
his friend, Mauricio Palma, walking.  Pastrana threw a beer bottle at John=s vehicle, breaking the front
windshield.  Moments later, appellant emerged from Turcios=s vehicle and began shooting at
Pastrana and Palma.  The two attempted to run from the scene, but Pastrana
suffered a fatal gunshot wound and fell to the ground.  After Pastrana fell,[1]
appellant re-entered  Turcios=s vehicle; both Turcios and John fled the scene in their own
cars.  Turcios left appellant and Perry at a street corner near the house in
which they lived and then took his car to a friend=s house, because, according to
Turcios, he was trying to hide it from police.  He stated he also cleaned his
car with bleach in an effort to remove any physical evidence from the shooting.


Through
their investigation, police discovered the murder weapon, which was hidden at
another individual=s house.  Apparently, John was the actual owner of the
weapon.  During questioning by police, appellant admitted that he fired shots
toward Palma and Pastrana, but stated that he believed they were shooting at
him.  

At
trial, Turcios admitted that he had been charged with misdemeanor deadly
conduct for his actions on April 23.  Palma also testified and identified
appellant as the shooter.  Additionally, appellant=s written statement, in which he
admitted he shot at Palma and Pastrana, was admitted into evidence.  After both
sides rested and closed, the trial court charged the jury.  In its charge, the
trial court included instructions on accomplice witnesses, as well as
self-defense.  The jury returned a verdict of Aguilty@ and assessed punishment at
sixty-five years in the Texas Department of Criminal Justice, Institutional
Division.  The trial court rendered judgment in accordance with the jury=s verdict, and this appeal ensued.

II.  Analysis

A.        Standard of Review








When
reviewing allegations of charge error, an appellate court must first determine
whether error actually exists in the charge.  Ngo v. State, 175 S.W.3d
738, 743 (Tex. Crim. App. 2005) (en banc).  If error is found, the court must
determine whether the error caused sufficient harm to require reversal.  Id. 
The degree of harm required for reversal depends on whether the error was
preserved.  Arline v. State, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986)
(en banc).  If no proper objection was made, the error requires reversal only
if it is so egregious and created such harm that the appellant has not had a
fair and impartial trial.  Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1984) (en banc) (op. on reh=g).  On the other hand, when there
has been a timely objection to an improper jury charge the error requires
reversal unless it is harmless.  Id.

B.        Accomplice Witnesses

Before a
conviction may rest upon an accomplice witness=s testimony, that testimony must be
corroborated by other evidence tending to connect the accused with the crime.  See
Tex. Code Crim. Proc. Ann. art.
38.14 (Vernon 2006); Druery v. State, 225 S.W.3d 491, 498 (Tex. Crim.
App. 2007).  This Aaccomplice witness rule@ creates a statutorily imposed review
that is not derived from federal or state constitutional principles defining
the legal and factual sufficiency standards.  Druery, 225 S.W.3d at
498.  A witness=s mere presence at the scene of the crime does not make him
an accomplice witness.  Id.  An accomplice is someone who participates
with the defendant before, during, or after the commission of a crime and acts
with the requisite culpable mental state.  Id.  To be considered an
accomplice witness, the witness=s participation with the defendant must have involved some
affirmative act that promotes the commission of the offense with which the
defendant is charged.  Id.   A witness is not an accomplice to a crime
merely because he knew of the offense and did not disclose it, or even if he
concealed the offense.  Id.  Further, complicity with a defendant in the
commission of another offense separate from the charged offense does not make
that witness an accomplice.  Id.; see also Creel v. State, 754 S.W.2d
205, 213 (Tex. Crim. App. 1988).  Essentially, if the witness cannot be
prosecuted for the same or a lesser-included offense with which the defendant
is charged, that witness is not an accomplice witness as a matter of law.  Druery,
225 S.W.3d at 498. 








 A trial
judge must instruct the jury that a witness is an accomplice witness as a
matter of law only when there is no doubt that the witness is an accomplice.  Id. 
Such an instruction is appropriate, for instance, when the witness is charged
with the same offense as the defendant or a lesser‑included offense or
when the evidence clearly shows that the witness could have been so charged.  Id.;
Blake v. State, 971 S.W.2d 451, 454B55 (Tex. Crim. App. 1998) (en banc). 
Whether the witness is actually charged or prosecuted for their participation
is irrelevant to the determination of accomplice statusCwhat matters is the evidence in the
record.  See Blake, 971 S.W.2d at 455.  If the evidence as to a witness=s status as an accomplice is
conflicting, the jury should determine the witness=s status under instructions defining
an Aaccomplice.@  Druery, 225 S.W.3d at 498B99; Blake, 971 S.W.2d at 455. 
But there still must be some evidence of an affirmative act on the part of the
witness to assist in the commission of the charged offense before such an
instruction is required.  Druery, 225 S.W.3d at 499.

C.        Application

In his
sole issue, appellant contends that he was egregiously harmed by the trial
court=s failure to instruct the jury that
Domingo Turcios was an accomplice as a matter of law.  We disagree for several
reasons.








Here,
the trial court, after instructing the jury on the law regarding accomplices,[2]
charged the jury with determining whether Turcios was an accomplice.  According
to the trial court=s charge, the jury could not convict appellant based on
Turcios=s testimony if it believed that
Turcios was an accomplice unless there was other evidence, outside of his
testimony, tending to connect appellant with the offense.[3] 
Thus, this case is distinguishable from cases in which the trial court utterly
failed to include an accomplice-witness instruction.  See, e.g., Howard
v. State, 972 S.W.2d 121, 125B26 (Tex. App.CAustin 1998, no pet.) (determining
that trial court erred by failing to include an instruction on
accomplice-witness testimony in jury charge).  We next consider whether any
doubt exists that Turcios could have been charged with murder or a
lesser-included offense of murder. 

An
offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts
required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less
serious injury or risk of injury to the same person, property, or public
interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less
culpable mental state suffices to establish its commission;  or

(4) it consists of an attempt to
commit the offense charged or an otherwise included offense.








Tex.
Code Crim. Proc. Ann. art.
37.09 (Vernon 2006).  A person commits misdemeanor deadly conduct if he
recklessly engages in conduct that places another in imminent danger of serious
bodily injury.  See Tex. Penal
code Ann. ' 22.05(a), (e) (Vernon 2003).  ARecklessness and danger are presumed
if the actor knowingly pointed a firearm at or in the direction of another
whether or not the actor believed the firearm to be loaded.@  Id. ' 22.05(c). 

A person
is criminally responsible for an offense committed by the conduct of another
if:

(1) acting with the kind of culpability required for the offense, he
causes or aids an innocent or nonresponsible person to engage in conduct
prohibited by the definition of the offense;

(2) acting with intent to promote or assist the commission of the
offense, he solicits, encourages, directs, aids, or attempts to aid the other
person to commit the offense;  or

(3) having a legal duty to prevent
commission of the offense and acting with intent to promote or assist its
commission, he fails to make a reasonable effort to prevent commission of the
offense.

Id. ' 7.02(a). 

If, in the
attempt to carry out a conspiracy to commit one felony, another felony is
committed by one of the conspirators, all conspirators are guilty of the felony
actually committed, though having no intent to commit it, if the offense was
committed in furtherance of the unlawful purpose and was one that should have
been anticipated as a result of the carrying out of the conspiracy. 

 

 Id. ' 7.02(b).  

Turcios testified, among other
things, as follows:

$          Appellant did not tell Turcios anything
about what his brother had said when he called appellant while he was riding in
Turcios=s car.

$          Appellant entered his car with a gun in his
pants and asked Turcios to give him a ride down the street.

$          Turcios did not ask appellant why or what
was going on, but Turcios thought that it was probably a drug deal.  








$          As Turcios followed John=s car, he did not know anything at all about any prior
conflict.

$          After Pastrana damaged the vehicle appellant=s brother was driving, appellant fired at least four
shots at Pastrana and Palma, hitting Pastrana at least one time.

$          After appellant shot Pastrana, Turcios drove the car away. 
Turcios and appellant did not speak in the car after the shooting, and Turcios
never asked appellant why he shot Pastrana, whom Turcios had never seen before.

The conflicting trial evidence shows
that doubt existed as to whether Turcios was an accomplice; the evidence did
not clearly show that Turcios could have been charged with the murder of
Pastrana or with a lesser-included offense.[4] 
See Druery, 225 S.W.3d at 498.  Therefore, the trial court did
not have a duty to instruct the jury that Turcios was an accomplice witness as
a matter of law.  See id.  Although Turcios admitted that he attempted
to hide his car and clean out any physical evidence of the shooting after the
crime, such behavior does not make him an accomplice.  See id. at 498
(concluding that a witness was  not an accomplice to a crime because he knew
about the offense and did not disclose it or concealed it).  Under these
circumstances, we conclude that the trial court properly allowed the jury to
determine whether Turcios was an accomplice witness as a matter of fact.  








Finally, we note that even if the
trial court failed to properly instruct the jury regarding Turcios=s status, an accomplice witness=s testimony may only be considered
when other evidence tends to connect the defendant to the crime.  See Tex. Code Crim. Proc. Ann. art. 38.14. 
Here, the record contains other evidence that tends to connect appellant to the
offense, starting with appellant=s own statement in which he admitted
he shot at Pastrana and Palma.  Additionally, Palma identified appellant as the
shooter.  Thus, even if the trial court should have instructed the jury that
Turcios was an accomplice as a matter of law, the record does not show that
appellant suffered egregious harm from the trial court=s jury charge.

In light of the foregoing, we
overrule appellant=s sole issue.  Accordingly, we affirm the judgment of the
trial court.

 

 

 

/s/        Eva M. Guzman

Justice

 

 

Judgment rendered and Memorandum
Opinion filed November 6, 2008.

Panel consists of Justices Frost,
Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  The medical
examiner testified that Jonathan Pastrana died from a gunshot wound to the
back.  Pastrana had also been shot in the leg.





[2]  These instructions
provided as follows:

An accomplice, as the term is here used, means anyone connected with
the crime charged, as a party thereto, and includes all persons who are
connected with the crime by unlawful act or omission on their part transpiring
either before, at the time of, or after the commission of the offense, and
whether or not they were present and participated in the commission of the
crime.  A person is criminally responsible as a party to an offense if the
offense is committed by his own conduct, by the conduct of another for which he
is criminally responsible, or by both.  Mere presence alone, however, will not
constitute one a party to an offense.

A person is criminally responsible for an offense committed by the
conduct of another if, acting with intent to promote or assist the commission
of the offense, he solicits, encourages, directs, aids, or attempts to aid
theother person to commit the offense.  The term Aconduct@ means any act or omission and its accompanying mental
state.

You are instructed that a conviction cannot be had upon the testimony
of an accomplice unless the jury first believes that the accomplice=s testimony is true and that it shows the defendant is
guilty of the offense charged against him, and even then you cannot convict
unless the accomplice=s testimony is corroborated by other evidence tending
to connect the defendant with the offense charged, and the corroboration is not
sufficient if it merely shows the commission of the offense, but it must tend
to connect the defendant with its commission.





[3]  This portion
of the jury charge stated:

Therefore,
if you believe from the evidence beyond a reasonable doubt that an offense was
committed and you further believe from the evidence that the witness, Domingo
Turcios, was an accomplice, or if you have a reasonable doubt whether he was or
not, as that term is defined in the foregoing instructions, then you cannot
convict the defendant upon the testimony of the said Domingo Turcios unless you
further believe that the testimony of Domingo Turcios is true and that it shows
the defendant is guilty as charged in the indictment; and even then you cannot
convict the defendant unless you further believe that there is other evidence
in the case, outside of the testimony of Domingo Turcios tending to connect the
defendant with the offense charged in the indictment, and then from all the
evidence you must believe beyond a reasonable doubt that the defendant is
guilty.





[4]  Appellant
cites Ortiz v. State in support of his claim that deadly conduct is a
lesser-included offense of murder.  144 S.W.3d 225, 231B32.  In Ortiz, we stated that, based on the
facts of that case, deadly conduct was a lesser-included offense of murder.  Id.
at 231B34.  We specifically noted, however, that although
deadly conduct may be a lesser-included offense of murder, Ait is not necessarily a lesser[-]included offense in
all cases.@  Id. at 234 n.7.  In Ortiz, there was 
evidence that appellant knowingly discharged a firearm in the direction of one
or more individuals.  Id. at 233.  Unlike the appellant in Ortiz,
however, nothing in our record indicates that Turcios discharged a firearm in
the direction of the decedent.  Therefore, Ortiz is not on point.