# NO. 12-10-00383-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BOBBY WAYNE DOSS,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

---

## *MEMORANDUM OPINION*

A jury convicted Appellant, Bobby Wayne Doss, of possession of a controlled substance, methamphetamine, in an amount of more than four grams but less than 200 grams, and also of the offense of the possession of a chemical precursor, pseudoephedrine or ephedrine, with intent to manufacture a controlled substance, methamphetamine. Appellant pleaded true to the four felonies alleged for enhancement, and the jury assessed his punishment at imprisonment for seventy-five years. Appellant presents four issues on appeal. In his first and second issues, he challenges the sufficiency of the evidence to support each conviction. In his third and fourth issues, Appellant contends the trial court erred in failing to include an accomplice witness instruction in its jury charge, and in including in the charge an incorrect instruction on parole. We affirm.

### BACKGROUND

Appellant rented a room at the Motel 6 in Lufkin, Texas, on January 24, 2010, and paid cash. At approximately 7:30 the next morning, officers of the Lufkin Police Department were dispatched to the motel to investigate a child welfare complaint. Debbie Marie Dominey answered the door. Officer Vance told her that they were there in response to a child welfare

complaint regarding her daughter, Joyce. Dominey said her daughter was not there. Officer Vance told Dominey that he needed to come in to verify that the daughter was not in the room. When Dominey opened the door, Officer Vance saw Appellant come out of the bathroom.

Officer Vance confirmed the identity of Appellant and of Dominey. Both were subject to outstanding arrest warrants and Vance arrested both. When Corporal Sobolewski arrived to assist them, Officers Vance and Carroll left to take Appellant and Dominey to the sheriff's department leaving Officer Sobolewski in the motel room.

Officer Sobolewski noted several knives, including a large Bowie knife, laying about the room. He decided to check the bathroom to make sure no one was hiding there. While in the bathroom, he noticed a metal acetone container and a peroxide container with an "M" on it, which the officer thought meant muriatic acid. In between the bed and the wall was an open purse containing a number of clear plastic baggies. One of the baggies contained a red powdery substance, which the officer believed was methamphetamine. There were also what appeared to be crushed pseudoephedrine tablets. Officer Sobolewski also noticed a red container with clothes piled on it as if to conceal it. The container contained glassware of the type used in the manufacture of methamphetamine. It also held a jar containing a substance that field tested positive for methamphetamine. Laboratory analysis confirmed that the substance was methamphetamine oil weighing 23.34 grams. By-products in the jar brought the total weight to 223.27 grams.

When Scott Hamel, a narcotics officer, arrived at the room, he noticed a marijuana pipe on a table. He found baggies containing pill dough, a baggie containing residue of red phosphorous, and pseudoephedrine. Scales were in the purse. Also found in various places in the motel room were welder's gloves, charcoal starter, filters, and glassware used in the manufacture of methamphetamine.

## SUFFICIENCY OF THE EVIDENCE

In his first two issues, Appellant contends the evidence is insufficient to show possession of methamphetamine or the possession of a methamphetamine precursor with the intent to manufacture methamphetamine.

**Standard of Review**

In reviewing the sufficiency of the evidence, the appellate court must determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 560 (1979); *Brooks v State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Considering the evidence "in the light most favorable to the verdict under this standard requires the reviewing court to defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Jackson*, 443 U.S. at 319, 99 S. Ct at 2789; *Brooks*, 323 S.W.3d at 899. "A court faced with a record of historical facts that supports conflicting inferences must presume–even if it does not appear affirmatively in the record–that the trier of facts resolved any such conflicts in favor of the prosecution. . . ." *Jackson*, 449 U.S. at 326, 99 S. Ct. at 2793.

**Applicable Law**

To prove the offense of possession of a controlled substance, the state must show that the defendant (1) exercised actual care, custody, control, or management of the controlled substance and (2) was conscious of his connection with the controlled substance and knew it was contraband. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). The state need not prove that the accused's possession was exclusive. *Harvey v. State*, 487 S.W.2d 75, 77 (Tex. Crim. App. 1972). When the accused is not in exclusive possession and control of the place where the contraband is found, it cannot be concluded that he had knowledge of or control over the contraband unless there are additional facts and circumstances that link him to the contraband. *Brown*, 911 S.W.2d at 747. In *Cole v. State*, 194 S.W.3d 538, 548-49 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd), the court listed facts or circumstances relied on by the court of criminal appeals to link the accused to the contraband. Most are not pertinent to the instant case. The number of linking factors is not as important as the logical force the factors have in connecting the accused to the contraband. *Jones v. State*, 963 S.W.2d 826, 830 (Tex. App.–Texarkana 1998, pet. ref'd). In determining the sufficiency of the evidence, the appellate court should consider all the evidence admitted, including accomplice witness testimony. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

**Discussion**

The following factors serve to demonstrate that Appellant possessed the

3

methamphetamine and the precursors with the intent to manufacture methamphetamine jointly with Dominey. Appellant rented the small Lufkin motel room for one night only where the contraband was found. Appellant normally lived at another Lufkin residence. The red container in which the officer found jars, cooking glassware, charcoal starter, and other items used in methamphetamine manufacture was easily accessible to Appellant. Certain items used to make methamphetamine (acetone, peroxide, and muriatic acid) were in plain view in the bathroom. Officer Vance saw Appellant leave the bathroom when Dominey first opened the motel room door. The contraband was found in close proximity to Appellant. Paraphernalia to use marijuana was in plain view. When Appellant rented the room, he helped Dominey bring the contraband and the items used in its manufacture into the room. In Dominey's written statement given to the police one month after her arrest she stated, "Wayne and I went to H.E.B., got material to make meth then went to the house on 103 and made it. . . . Everything that was found at Motel 6 was mine and Wayne Doss." The dangerous part of the manufacturing process had been completed on Road 103. All that remained to be done to the batch found at Motel 6 was the final salting out process. It is entirely reasonable for the jury to infer that Appellant and Dominey brought the equipment and methamphetamine mixture into the motel room to complete the manufacturing process.

Even excluding Dominey's testimony, we conclude that the cumulative weight of the other factors enumerated is sufficient to link Appellant to the methamphetamine and its precursor. Appellant's issues one and two are overruled.

CHARGE ERROR—FAILURE TO GIVE ACCOMPLICE WITNESS INSTRUCTION

In his third issue, Appellant claims the trial court reversibly erred by failing to include in its jury charge an instruction regarding accomplice witness testimony.

**Standard of Review**

When charge error has been preserved by a proper objection at trial, reversal is required upon a showing of "some harm." *Abdnor v. State*, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994). Where charge error is urged for the first time on appeal, the charge must have caused the appellant egregious harm; the error must have been so harmful that the appellant was denied a fair and impartial trial. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). In

4

assessing the degree of harm to the appellant, the reviewing court is to consider (1) the entire jury charge, (2) the state of the evidence, including the contested issues and the weight of the probative evidence, (3) the arguments of counsel, and (4) any other relevant information revealed by the record. *Id.* at 172; *see also* **Bailey v. State**, 867 S.W.2d 42, 43 (Tex. Crim. App. 1993).

In reviewing a trial court's failure to instruct the jury on the accomplice witness rule, an appellate court should examine the record for evidence corroborating the accomplice witness testimony. **Hall v. State**, 161 S.W.3d 142, 149 (Tex. App.–Texarkana 2005, pet. ref'd). If the evidence clearly warrants conviction independent of the accomplice testimony, the trial court's failure to instruct on the law of accomplice testimony is not reversible error. *Id.*

## Applicable Law

"A conviction cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005). An accomplice witness is a state's witness that the evidence shows could be prosecuted for the same offense as the accused or for a lesser included offense of that offense. *See* **Ex parte Zepeda**, 819 S.W.2d 875, 876 (Tex. Crim. App. 1991). Whether the accomplice is actually charged or prosecuted is irrelevant. **Cocke v. State**, 201 S.W.3d 744, 748 (Tex. Crim. App. 2006).

"[T]he statutorily required instruction regarding accomplice-witness testimony, unlike defensive issues, is 'law applicable to the case.'" **Howard v. State**, 972 S.W.2d 121, 126 (Tex. App.–Austin 1998, no pet.). "A failure to instruct the jury that an accomplice's testimony must be corroborated by other evidence tending to connect the defendant to the crime is error." *Id.*

If the trial court fails to instruct the jury that accomplice witness testimony must be corroborated before it may be used as a basis for conviction, egregious harm results if the corroborating evidence was so weak and unconvincing that the State's case would have been clearly and significantly less persuasive had the jury been properly instructed. *See* **Saunders v. State**, 817 S.W.2d 688, 692-93 (Tex. Crim. App. 1991). In **Saunders**, the court found the failure to give such an instruction "was critical to the trial's outcome and deprived the defendant of a fair trial." *Id.* at 693.

The test for determining whether evidence is sufficient to corroborate accomplice

testimony is first to eliminate from consideration the accomplice witness's testimony and then to examine the other inculpatory evidence to ascertain whether the remaining evidence independently tends to connect the defendant to the offense. *McDuff v. State*, 939 S.W.2d 607, 612 (Tex. Crim. App. 1997). "The non-accomplice evidence does not have to directly link [the] appellant to the crime, nor does it alone have to establish guilt beyond a reasonable doubt; but rather, the non-accomplice evidence merely has to tend to connect [the] appellant to the offense." *Id.* at 613. If nonaccomplice evidence so clearly warranted conviction that the jury would most likely not have regarded the state's case as being less persuasive had the accomplice witness instruction been given, reversal is not required. *Solis v. State*, 792 S.W.2d 95, 98 (Tex. Crim. App. 1990); *Hilton v. State*, 975 S.W.2d 788, 792-93 (Tex. App.–Texarkana 1998, pet. ref'd).

Out of court statements by an accomplice inculpating the accused may be admissible as statements against penal interest if "corroborating circumstances clearly indicate the trustworthiness of the statement." TEX. R. EVID. 803(24). To be admissible against a third person, the declarant's statement must be truly self-inculpatory, the declarant must have been aware that it was incriminating, and there must also be sufficient corroborating circumstances that clearly indicate the trustworthiness of the statement. *Walter v. State*, 267 S.W.3d 883, 890-91 (Tex. Crim. App. 2008). Out of court statements by an accomplice are not "testimony" within the meaning of Texas Code of Criminal Procedure, Article 38.14, and do not require corroborating evidence. *Bingham v. State*, 913 S.W.2d 208, 210 (Tex. Crim. App. 1995).

## Discussion

Dominey had been charged and convicted of the same offense as Appellant when the State called her as a witness. She was an accomplice as a matter of law. In her testimony, Dominey minimized Appellant's role in her attempt to make methamphetamine. However, she testified Appellant had gone with her to HEB to buy some things they needed to manufacture methamphetamine. He rented the motel room, she told the court, and he helped her move the methamphetamine, the precursors, and the equipment into the motel room. Dominey was an accomplice. She testified as a State's witness. The trial court erred in failing to give an accomplice witness instruction in its charge.

Appellant did not request an accomplice witness instruction nor did he object to the submission of the charge without one. Under *Almanza*, Appellant is entitled to reversal only if

6

the charge error "is so egregious and creates such harm that it deprives the accused of a fair and impartial trial." *Almanza*, 686 S.W.2d at 172.

Without considering Dominey's testimony, there is ample evidence to support Appellant's conviction. Appellant rented the room for one night and paid cash. He helped move the precursors and equipment for the manufacture of methamphetamine into the motel room. He went with Dominey to obtain materials for making the drug. Officer Vance saw Appellant come out of the bathroom where materials for making methamphetamine were in plain view. Appellant spent the night in a small motel room crowded with material and equipment for making methamphetamine. A marijuana pipe was in plain view. The same evidence supporting Appellant's conviction provides sufficient corroboration for the accomplice's testimony. Dominey's testimony was not particularly helpful to the State's case. Rational jurors would not have assessed the State's case as "significantly less persuasive" had they been properly instructed. Evidence independent of the accomplice testimony clearly warrants conviction. Appellant was not egregiously harmed by the trial court's failure to submit an accomplice witness instruction in the charge. Appellant's third issue is overruled.

### CHARGE ERROR—IMPROPER PAROLE INSTRUCTION

In his fourth issue, Appellant contends the trial court incorrectly instructed the jury regarding the applicable parole law. The trial court's instruction stated as follows:

> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-forth [sic] of the sentence imposed or 15 years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.

Appellant is correct. The correct parole instruction applicable to Appellant should have read as follows:

> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served *plus good conduct time* equals one-fourth of the sentence imposed or 15 years, whichever is less. Eligibility for parole does not guarantee that parole will be granted. TEX. GOV'T CODE ANN. § 508.145(f) (Vernon Supp. 2009).

7

There was no objection to this error in the charge. Therefore, reversal is warranted only upon a showing of egregious harm to Appellant. *See Almanza*, 686 S.W.2d at 171. The State asked the jury to assess Appellant's punishment at sixty years "and higher"; Appellant asked for a sentence of twenty-five years. Appellant argues that his seventy-five year sentence supports the conclusion that the jury attempted to apply the erroneous parole law instruction to maximize his sentence.

We disagree. A correct charge would have informed the jury that Appellant would become parole eligible somewhat earlier than the charge given, which omitted any mention of good time. A jury motivated, as Appellant claims, by a desire to lengthen his sentence and delay his parole would have assessed an even longer sentence if given the correct parole instruction. Appellant was not harmed by the incorrect parole instruction. Appellant's fourth issue is overruled.

### DISPOSITION

The judgment of the trial court is *affirmed*.

### BILL BASS
Justice

Opinion delivered June 8, 2011.
*Panel consisted of Worthen, C. J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

8