MARY'S OPINION HEADING 








NO. 12-10-00383-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

BOBBY WAYNE DOSS,                              §                      APPEAL
FROM THE 159TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      ANGELINA
COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

            A
jury convicted Appellant, Bobby Wayne Doss, of possession of a controlled
substance, methamphetamine, in an amount of more than four grams but less than
200 grams, and also of the offense of the possession of a chemical precursor,
pseudoephedrine or ephedrine, with intent to manufacture a controlled
substance, methamphetamine.  Appellant pleaded true to the four felonies
alleged for enhancement, and the jury assessed his punishment at imprisonment
for seventy-five years.  Appellant presents four issues on appeal.  In his
first and second issues, he challenges the sufficiency of the evidence to
support each conviction.  In his third and fourth issues, Appellant contends
the trial court erred in failing to include an accomplice witness instruction
in its jury charge, and in including in the charge an incorrect instruction on
parole.  We affirm.

 

Background

            Appellant
rented a room at the Motel 6 in Lufkin, Texas, on January 24, 2010, and paid
cash.  At approximately 7:30 the next morning, officers of the Lufkin Police
Department were dispatched to the motel to investigate a child welfare
complaint.  Debbie Marie Dominey answered the door.  Officer Vance told her
that they were there in response to a child welfare complaint regarding her
daughter, Joyce.  Dominey said her daughter was not there.  Officer Vance told
Dominey that he needed to come in to verify that the daughter was not in the
room.  When Dominey opened the door, Officer Vance saw Appellant come out of
the bathroom.

            Officer
Vance confirmed the identity of Appellant and of Dominey.  Both were subject to
outstanding arrest warrants and Vance arrested both.  When Corporal Sobolewski
arrived to assist them, Officers Vance and Carroll left to take Appellant and
Dominey to the sheriff’s department leaving Officer Sobolewski in the motel
room.

            Officer
Sobolewski noted several knives, including a large Bowie knife, laying about
the room.  He decided to check the bathroom to make sure no one was hiding
there.  While in the bathroom, he noticed a metal acetone container and a
peroxide container with an “M” on it, which the officer thought meant muriatic
acid.  In between the bed and the wall was an open purse containing a number of
clear plastic baggies.  One of the baggies contained a red powdery substance,
which the officer believed was methamphetamine.  There were also what appeared
to be crushed pseudoephedrine tablets.  Officer Sobolewski also noticed a red
container with clothes piled on it as if to conceal it.  The container
contained glassware of the type used in the manufacture of methamphetamine.  It
also held a jar containing a substance that field tested positive for
methamphetamine.  Laboratory analysis confirmed that the substance was
methamphetamine oil weighing 23.34 grams.  By-products in the jar brought the
total weight to 223.27 grams.

            When
Scott Hamel, a narcotics officer, arrived at the room, he noticed a marijuana
pipe on a table.  He found baggies containing pill dough, a baggie containing
residue of red phosphorous, and pseudoephedrine.  Scales were in the purse. 
Also found in various places in the motel room were welder’s gloves, charcoal
starter, filters, and glassware used in the manufacture of methamphetamine.

 

Sufficiency of the Evidence

            In
his first two issues, Appellant contends the evidence is insufficient to show
possession of methamphetamine or the possession of a methamphetamine precursor
with the intent to manufacture methamphetamine.

Standard
of Review

            In
reviewing the sufficiency of the evidence, the appellate court must determine
whether, considering all the evidence in the light most favorable to the
verdict, the jury was rationally justified in finding guilt beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789,
61 L. Ed. 560 (1979); Brooks v State, 323 S.W.3d 893, 899 (Tex.
Crim. App. 2010).  Considering the evidence “in the light most favorable to the
verdict under this standard requires the reviewing court to defer to the jury’s
credibility and weight determinations, because the jury is the sole judge of
the witnesses’ credibility and the weight to be given their testimony.  Jackson,
443 U.S. at 319, 99 S. Ct at 2789; Brooks, 323 S.W.3d at 899.  “A
court faced with a record of historical facts that supports conflicting
inferences must presume–even if it does not appear affirmatively in the record–that
the trier of facts resolved any such conflicts in favor of the prosecution. . .
.”  Jackson, 449 U.S. at 326, 99 S. Ct. at 2793.

Applicable
Law

            To
prove the offense of possession of a controlled substance, the state must show
that the defendant (1) exercised actual care, custody, control, or management
of the controlled substance and (2) was conscious of his connection with the
controlled substance and knew it was contraband.  Brown v. State,
911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  The state need not prove that the
accused’s possession was exclusive.  Harvey v. State, 487 S.W.2d
75, 77 (Tex. Crim. App. 1972).  When the accused is not in exclusive possession
and control of the place where the contraband is found, it cannot be concluded
that he had knowledge of or control over the contraband unless there are
additional facts and circumstances that link him to the contraband.  Brown,
911 S.W.2d at 747.  In Cole v. State, 194 S.W.3d 538, 548-49
(Tex. App.–Houston [1st Dist.] 2006, pet. ref’d), the court listed facts or
circumstances relied on by the court of criminal appeals to link the accused to
the contraband.  Most are not pertinent to the instant case.  The number of
linking factors is not as important as the logical force the factors have in
connecting the accused to the contraband.  Jones v. State, 963
S.W.2d 826, 830 (Tex. App.–Texarkana 1998, pet. ref’d).  In determining the
sufficiency of the evidence, the appellate court should consider all the
evidence admitted, including accomplice witness testimony.  McDuff v.
State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

Discussion

            The
following factors serve to demonstrate that Appellant possessed the
methamphetamine and the precursors with the intent to manufacture
methamphetamine jointly with Dominey.  Appellant rented the small Lufkin motel
room for one night only where the contraband was found.  Appellant normally
lived at another Lufkin residence.  The red container in which the officer
found jars, cooking glassware, charcoal starter, and other items used in
methamphetamine manufacture was easily accessible to Appellant.  Certain items used
to make methamphetamine (acetone, peroxide, and muriatic acid) were in plain
view in the bathroom.  Officer Vance saw Appellant leave the bathroom when
Dominey first opened the motel room door.  The contraband was found in close
proximity to Appellant.  Paraphernalia to use marijuana was in plain view. 
When Appellant rented the room, he helped Dominey bring the contraband and the
items used in its manufacture into the room.  In Dominey’s written statement
given to the police one month after her arrest she stated, “Wayne and I went to
H.E.B., got material to make meth then went to the house on 103 and made it. .
. . Everything that was found at Motel 6 was mine and Wayne Doss.”  The
dangerous part of the manufacturing process had been completed on Road 103. 
All that remained to be done to the batch found at Motel 6 was the final
salting out process.  It is entirely reasonable for the jury to infer that Appellant
and Dominey brought the equipment and methamphetamine mixture into the motel
room to complete the manufacturing process.

            Even
excluding Dominey’s testimony, we conclude that the cumulative weight of the
other factors enumerated is sufficient to link Appellant to the methamphetamine
and its precursor.  Appellant’s issues one and two are overruled.

 

Charge Error—Failure to Give Accomplice Witness
Instruction

            In
his third issue, Appellant claims the trial court reversibly erred by failing
to include in its jury charge an instruction regarding accomplice witness
testimony.

Standard
of Review

            When
charge error has been preserved by a proper objection at trial, reversal is
required upon a showing of “some harm.”  Abdnor v. State, 871
S.W.2d 726, 732 (Tex. Crim. App. 1994).  Where charge error is urged for the
first time on appeal, the charge must have caused the appellant egregious harm;
the error must have been so harmful that the appellant was denied a fair and
impartial trial.  See Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1985).  In assessing the degree of harm to the appellant, the
reviewing court is to consider (1) the entire jury charge, (2) the state of the
evidence, including the contested issues and the weight of the probative
evidence, (3) the arguments of counsel, and (4) any other relevant information
revealed by the record.  Id. at 172; see also Bailey
v. State, 867 S.W.2d 42, 43 (Tex. Crim. App. 1993).

            In
reviewing a trial court’s failure to instruct the jury on the accomplice
witness rule, an appellate court should examine the record for evidence
corroborating the accomplice witness testimony.  Hall v. State,
161 S.W.3d 142, 149 (Tex. App.–Texarkana 2005, pet. ref’d).  If the evidence
clearly warrants conviction independent of the accomplice testimony, the trial
court’s failure to instruct on the law of accomplice testimony is not reversible
error.  Id.

Applicable
Law

            “A
conviction cannot be had on the testimony of an accomplice unless corroborated
by other evidence tending to connect the defendant with the offense committed;
and the corroboration is not sufficient if it merely shows the commission of
the offense.”  Tex. Code Crim. Proc.
Ann. art. 38.14 (Vernon 2005).  An accomplice witness is a state’s
witness that the evidence shows could be prosecuted for the same offense as the
accused or for a lesser included offense of that offense.  See Ex
parte Zepeda, 819 S.W.2d 875, 876 (Tex. Crim. App. 1991).  Whether the
accomplice is actually charged or prosecuted is irrelevant.  Cocke v.
State, 201 S.W.3d 744, 748 (Tex. Crim. App. 2006).

            “[T]he
statutorily required instruction regarding accomplice-witness testimony, unlike
defensive issues, is ‘law applicable to the case.’”  Howard v. State,
972 S.W.2d 121, 126 (Tex.  App.–Austin 1998, no pet.).  “A failure to instruct
the jury that an accomplice’s testimony must be corroborated by other evidence
tending to connect the defendant to the crime is error.”  Id.

            If
the trial court fails to instruct the jury that accomplice witness testimony
must be corroborated before it may be used as a basis for conviction, egregious
harm results if the corroborating evidence was so weak and unconvincing that
the State’s case would have been clearly and significantly less persuasive had
the jury been properly instructed. See Saunders v. State,
817 S.W.2d 688, 692-93 (Tex. Crim. App. 1991).  In Saunders, the
court found the failure to give such an instruction “was critical to the
trial’s outcome and deprived the defendant of a fair trial.”  Id.
at 693.

            The
test for determining whether evidence is sufficient to corroborate accomplice
testimony is first to eliminate from consideration the accomplice witness’s
testimony and then to examine the other inculpatory evidence to ascertain
whether the remaining evidence independently tends to connect the defendant to
the offense.  McDuff v. State, 939 S.W.2d 607, 612 (Tex. Crim.
App. 1997).  “The non-accomplice evidence does not have to directly link [the] appellant
to the crime, nor does it alone have to establish guilt beyond a reasonable
doubt; but rather, the non-accomplice evidence merely has to tend to connect [the]
appellant to the offense.”  Id. at 613.   If nonaccomplice
evidence so clearly warranted conviction that the jury would most likely not
have regarded the state’s case as being less persuasive had the accomplice
witness instruction been given, reversal is not required.  Solis v. State,
792 S.W.2d 95, 98 (Tex. Crim. App. 1990); Hilton v. State, 975
S.W.2d 788, 792-93 (Tex. App.–Texarkana 1998, pet. ref’d). 

            Out
of court statements by an accomplice inculpating the accused may be admissible
as statements against penal interest if “corroborating circumstances clearly
indicate the trustworthiness of the statement.”  Tex. R. Evid. 803(24).  To be admissible against a third
person, the declarant’s statement must be truly self-inculpatory, the declarant
must have been aware that it was incriminating, and there must also be
sufficient corroborating circumstances that clearly indicate the
trustworthiness of the statement.  Walter v. State, 267 S.W.3d
883, 890-91 (Tex. Crim. App. 2008).  Out of court statements by an accomplice
are not “testimony” within the meaning of Texas Code of Criminal Procedure,
Article 38.14, and do not require corroborating evidence.  Bingham v.
State, 913 S.W.2d 208, 210 (Tex. Crim. App. 1995).

Discussion

            Dominey
had been charged and convicted of the same offense as Appellant when the State
called her as a witness.  She was an accomplice as a matter of law.  In her
testimony, Dominey minimized Appellant’s role in her attempt to make
methamphetamine.  However, she testified Appellant had gone with her to HEB to
buy some things they needed to manufacture methamphetamine.  He rented the
motel room, she told the court, and he helped her move the methamphetamine, the
precursors, and the equipment into the motel room.  Dominey was an accomplice. 
She testified as a State’s witness.  The trial court erred in failing to give
an accomplice witness instruction in its charge.

            Appellant
did not request an accomplice witness instruction nor did he object to the
submission of the charge without one.  Under Almanza, Appellant
is entitled to reversal only if the charge error “is so egregious and creates
such harm that it deprives the accused of a fair and impartial trial.”  Almanza,
686 S.W.2d at 172.

            Without
considering Dominey’s testimony, there is ample evidence to support Appellant’s
conviction. Appellant rented the room for one night and paid cash.  He helped
move the precursors and equipment for the manufacture of methamphetamine into
the motel room.  He went with Dominey to obtain materials for making the drug. 
Officer Vance saw Appellant come out of the bathroom where materials for making
methamphetamine were in plain view.  Appellant spent the night in a small motel
room crowded with material and equipment for making methamphetamine.  A
marijuana pipe was in plain view.  The same evidence supporting Appellant’s
conviction provides sufficient corroboration for the accomplice’s testimony. 
Dominey’s testimony was not particularly helpful to the State’s case.  Rational
jurors would not have assessed the State’s case as “significantly less
persuasive” had they been properly instructed.  Evidence independent of the
accomplice testimony clearly warrants conviction.  Appellant was not
egregiously harmed by the trial court’s failure to submit an accomplice witness
instruction in the charge.  Appellant’s third issue is overruled.

 

Charge Error—Improper Parole Instruction

            In
his fourth issue, Appellant contends the trial court incorrectly instructed the
jury regarding the applicable parole law.  The trial court’s instruction stated
as follows:

 

Under the law applicable in this
case, if the defendant is sentenced to a term of imprisonment, he will not
become eligible for parole until the actual time served equals one-forth [sic]
of the sentence imposed or 15 years, whichever is less.  Eligibility for parole
does not guarantee that parole will be granted.

 

 

Appellant
is correct.  The correct parole instruction applicable to Appellant should have
read as follows:

 

Under the law applicable in this
case, if the defendant is sentenced to a term of imprisonment, he will not
become eligible for parole until the actual time served plus good conduct
time equals one-fourth of the sentence imposed or 15 years, whichever
is less.  Eligibility for parole does not guarantee that parole will be
granted. Tex. Gov’t Code Ann. §
508.145(f) (Vernon Supp. 2009). 

 

 

            There
was no objection to this error in the charge.  Therefore, reversal is warranted
only upon a showing of egregious harm to Appellant. See Almanza,
686 S.W.2d at 171.  The State asked the jury to assess Appellant’s punishment
at sixty years “and higher”; Appellant asked for a sentence of twenty-five
years.  Appellant argues that his seventy-five year sentence supports the
conclusion that the jury attempted to apply the erroneous parole law
instruction to maximize his sentence.

            We
disagree.  A correct charge would have informed the jury that Appellant would
become parole eligible somewhat earlier than the charge given, which omitted any
mention of good time. A jury motivated, as Appellant claims, by a desire to lengthen
his sentence and delay his parole would have assessed an even longer sentence
if given the correct parole instruction.  Appellant was not harmed by the
incorrect parole instruction.  Appellant’s fourth issue is overruled.

 

 

Disposition

            The
judgment of the trial court is affirmed.

 

Bill Bass

    
Justice

 

 

Opinion delivered June 8, 2011.

Panel
consisted of Worthen, C. J., Hoyle, J., and Bass, Retired J., Twelfth Court of
Appeals, sitting by assignment.

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)